Eric D. Houser (SBN 130079)
Amy E. Starrett (SBN 256204)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, CA 92618
Tel: (949) 679-1111
Fax: (949) 679-1112
Email: astarrett@houser-law.com

Attorneys for Defendant Ocwen Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| NICOLE SANDOVAL, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company, POWER DEFAULT SERVICES, INC., a Delaware Corporation, AND DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO: 13-04817<br><br>Hon. Paul Singh Grewal<br><br>**DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 12(b)]**<br><br>*[Filed concurrently with Request for Judicial Notice]*<br><br>Date:  January 14, 2014<br>Time: 10:00 a.m.<br>Courtroom:  5 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

1   **PLEASE TAKE NOTICE** that on January 14, 2013 at 10:00 a.m. or as

2   soon thereafter as the matter may be heard in Courtroom 5 of the above-entitled

3   court, located at 280 South 1st Street, 4th Floor, San Jose, CA 95113, Defendant

4   Ocwen Loan Servicing, LLC ("Defendant") will and hereby does move this Court

5   to dismiss the Plaintiff's Complaint against Defendant.

6       The Motion is brought pursuant to Federal Rules of Civil Procedure, Rule

7   12(b)(6) on the grounds that the entire Complaint and each purported cause of

8   action contained therein fails to state a claim upon which relief can be granted

9   against Defendant.

10      This Motion is based on this Notice of Motion, the attached Memorandum

11  of Points and Authorities, the Request for Judicial Notice, the pleadings and

12  records on file herein and upon such oral and documentary evidence as may be

13  presented by the parties at the hearing.

14

15  Dated: November 26, 2013        HOUSER & ALLISON
                                   A Professional Corporation

16

17                                 /s/ Amy E. Starrett

18                                 Amy E. Starrett

19                                 Attorney for Defendant Ocwen Loan
                                   Servicing, LLC

20

21

22

23

24

25

26

27

28

1

## **<u>TABLE OF CONTENTS</u>**

2

3  I.   INTRODUCTION........................................................................................1

4  II.  SUMMARY OF FACTS............................................................................1

5  III. LEGAL STANDARD.................................................................................3

6  IV.  ARGUMENT .............................................................................................3

7       A. Plaintiff's Entire Complaint Fails Because There Has Been  No Notice Of

8          Default And   No Sale Of The Property .................................................3

9       B. Plaintiff's Complaint Fails Because She Has Not and  Cannot Allege

10         Tender Of The Loan Amount ..............................................................4

11      C. Plaintiff's First Cause Of Action For Fraud Fails Because  It Is Not Pled

12         With The Required Specificity................................................6

13      D. Plaintiff's Second Cause Of Action For Negligent  Misrepresentation Fails

14         As A Matter Of Law ..........................................................................8

15      E. Plaintiff's Third Cause Of Action For Violations Of The  Homeowner's

16         Bill Of Rights Fails...........................................................................10

17      F.  A Claim Is Not Stated Under Section 2923.5 .................................12

18      G. Plaintiff's Causes Of Action For Breach Of Contract And  Promissory

19         Estoppel Fail....................................................................................13

20      H. Plaintiff's Cause of Action For "Injunctive Relief" Is Not A  Claim .........16

21      I.  Plaintiff Failed To Name An Indispensible Party.............................16

22 V.   CONCLUSION ........................................................................................18

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*Apollo Capital Fund, LLC v. Roth Capital Partners, LLC* (2007) 158 Cal.App.4th
226 .......................................................................................................................... 10

*Arnolds Management Corp. v. Eishen* (1984) 158 Cal.App.3d 575, 579 ................. 5

*Ballistreri* v. *Pacifica Police Dep't* (9th Cir. 1990) 90 F.2d 696, 699 ..................... 3

*Bank of California Nat. Ass'n v. Superior Court in and for City and County of San
Francisco* (1940) 16 Cal.2d 516, 521-522 ......................................................... 17

*Beliveau* v. *Caras* (C.D.Cal. 1995) 873 F.Supp. 1393, 1395 ................................... 3

*Bell Atl. Corp.* v. *Twombly* (2007) 550 U.S. 544, 570 .............................................. 3

*Buckland v. Threshold Enterprises, Ltd.* (2007) 155 Cal.App.4th 798, 807 ............ 6

*Chazen v. Centennial Bank* (1998) 61 Cal.App.4th 532, 537 ................................. 9

*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35
Cal.3d 197, 216-217 ............................................................................................ 7

*De Los Santos v. World Capital Financial*, 2009 WL 649163, *4 (C.D.Cal. 2009) 9

*Disabled Rights Action Committee v. Las Vegas Events, Inc.* (9th Cir. 2004) 375
F.3d 861, 867, fn. 5 ............................................................................................. 17

*Eddy v. Sharp* (1988) 199 Cal.App.3d 858, 864 ..................................................... 8

*First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler* (9th Cir. 2000) 210
F.3d 983, 987 ....................................................................................................... 8

*Fox v. Pollack* (1986) 181 Cal.App.3d 954, 962 ................................................... 10

*Gaffney v. Downey Savings and Loan Assn.* (1988) 200 Cal.App.3d 1154, 1165)..5

*Garcia v. World Sav., FSB* (2010) 183 Cal.App.4th 1031, 1044 .......................... 15

*General Refractories Co. v. First State Ins. Co.* (3rd Cir. 2007) 500 F.3d 306, 319;
F.R.C.P. 19(b) .................................................................................................... 17

*Grill v. BAC Home Loans Servicing, LP* (E.D.Cal. 2011) WL 127891, at *4, fn. 3
........................................................................................................................... 15

*Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168 ................................ 16

*Hendrickson v. Popular Mortgage Servicing, Inc.* (N.D.Cal. 2009) WL 1455491, at *7 ......................................................................................................... 9

*Karlsen v. Am. Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 121 ...................... 14

*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 ................................... 9

*Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917 ................................ 8

*Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 214-215 ......................... 13

*Marks v. Ocwen Loan Servicing* (N.D.Cal. 2009) WL 975792, *7 ....................... 9

*National Dollar Stores v. Wagnon* (1950) 97 Cal.App.2d 915, 919 ..................... 15

*Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.* (2009) 171 Cal.App.4th 35, 50 ........................................................................................ 8

*Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 439 ....................................... 5

*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1095 .. 8

*Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476 ................................ 9

*Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830 ................................... 15

*Republic of Phillipines v. Pimental* (2008) 553 U.S. 851, 856, 128 S.Ct. 2180, 2184 ............................................................................................................ 17

*Saldate v. Wilshire Credit Crop.* (9th Cir. 2010) 686 F.Supp.2d 1051, 1060-1061 . 5

*Seacrest v. Security Nat'l Mortg. Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 553 ............................................................................................................. 14

*SPCI RE-HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1022 . 5

*Stafford v. Clinard* (1948) 87 Cal.App.2d 480, 481 ......................................... 14

*Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73 .......................................... 7

*Tarmann v. State Farm Mutual Automobile Ins. Co.* (1991) 2 Cal.App.4th 153, 157 .............................................................................................................. 7

*Tiburon v. Northwestern P.R. Co.* (1970) 4 Cal.App.3d 160, 179 ........................ 16

*U.S. Cold Storage v. Great Western Savings and Loan Assoc.* (1985) 165
   Cal.App.3d 1214, 1225...................................................................................5, 6

*US Ecology, Inc. v. State of California*, (2005) 129 Cal.App.4th 887, 901 ...........15

*Vanoni v. County of Sonoma* (1974) 40 Cal.App.3d 743, 746 ...............................17

*Winter v. National Resources Defense Council, Inc.* (2008) 129 S.Ct. 365, 374...16

**Statutes**

California *Civil Code* sections 1709-1710..............................................................10

*Civil Code* section 2924.15 .....................................................................................11

*Civil Code* sections 1623(a)(3), 1624, 1698(a), 2922............................................14

**Rules**

F.R.C.P. 19(a) Adv. Comm. Notes to 1966 Amendment .........................................17

**Treatises**

Miller & Starr, California Real Estate (3d ed.), Deeds of Trust, section 10:212, pp.
   653-54....................................................................................................................5

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff Nicole Sandoval ("Plaintiff") has filed suit against her loan servicer, Ocwen Loan Servicing LLC ("Ocwen" or "Defendant"), alleging that Ocwen breached a promise to delay the foreclosure sale until November 18, 2013.  Related to that breach, Plaintiff alleges various violations of the Homeowner's Bill of Rights ("HBOR"), and other related causes of action.

The Complaint fails in its entirety as there has been no foreclosure sale.  In fact, there has not been a Notice of Sale or Notice of Default recorded in the official records of Contra Costa County in the past year related to the subject loan.  The provisions of the HBOR and the other causes of action which all depend on the recordation of a Notice of Default and the trustee's sale actually occurring, fail, and the Complaint is properly dismissed as there are no grounds for Plaintiff to bring this litigation.

## II.   SUMMARY OF FACTS

On September 29, 2006, Plaintiff and Marino Sandoval ("Borrowers") obtained a loan in the amount of $2,000,000.00, which loan was secured by a Note and Deed of Trust recorded against the property located at 5910 Bruce Drive, Pleasanton, CA 94588 ("Property").   *See* Deed of Trust attached as Exhibit 1 to Request for Judicial Notice ("RJN").

The Borrowers then fell behind in their payments, and as a result, the Borrowers were offered and accepted a loan modification agreement dated October 1, 2009. *See* Loan Modification, RJN, Exhibit 2.

Borrowers thereafter again fell behind in their payments, being in default $28,821.76 as of January 10, 2011.  *See* Notice of Default and Election to Sell Under Deed of Trust, RJN, Exhibit 3.  The Deed of Trust was then assigned to Deutsche Bank National Trust Company, as Trustee for

1   American Home Mortgage Assets Trust 2006-6, Mortgage-Backed Pass-

2   Through Certificates Series 2006-6 ("Deutsche Bank, as Trustee"), with the

3   assignment being recorded in the Official Records of Contra Costa County

4   Recorder's Office on May 13, 2011. *See* Assignment of Deed of Trust, RJN,

5   Exhibit 4. Deutsche Bank, as Trustee then substituted Power Default

6   Services, Inc. as trustee, with the Substitution recorded on May 13, 2011 in

7   the Official Records of Contra Costa County Recorder's Office.   *See*

8   Substitution of Trustee, RJN, Exhibit 5. A Notice of Trustee's Sale was also

9   recorded in the Official Records of Contra Costa County Recorder's Office

10  on May 13, 2011, which set a sale date of June 2, 2011 *See* RJN, Exhibit 6.

11      Then, on or around May 31, 2011 Borrowers tendered a certified

12  check in the amount of $58,877.57, preventing the sale, and causing a Notice

13  of Rescission of Notice of Default and Election to Sell Under Deed of Trust

14  to be recorded on June 28, 2011 in the Official Records of Contra Costa

15  County Recorder's Office. *See* RJN, Exhibit 7.

16      In April of 2012 Borrowers once again fell in default of their

17  payments, and the default remains.  However, contrary to the allegations

18  made in the Plaintiff's Complaint, there has been no Notice of Default

19  recorded in the Official Records of Contra Costa County Recorder's Office,

20  let alone a Notice of Sale setting a sale date, or a sale actually occurring.

21  This is evidenced by a document search of recorded documents with the

22  name of Plaintiff, Nicole Sandoval, in the Contra Costa County Recorder's

23  Office, which search is publicly available on the CRiis website at

24  http://www.criis.com/webtemp/50.20.50.34/name_list_vc.html. (last visited

25  November 22, 2013.) *See* RJN, Exhibit 8.

26  //

27  //

28

## III.   LEGAL STANDARD

Federal Rules of Civil Procedure, Rule 12(b) reads in relevant part:

> Every defense, in law or fact, to a claim for relief in. any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be 'made by motion...
>
> (6)   failure to state a claim upon which relief can be granted,... A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.,* it tests the legal sufficiency of the claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. *Beliveau* v. *Caras* (C.D.Cal. 1995) 873 F.Supp. 1393, 1395.  Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy. *Ballistreri* v. *Pacifica Police Dep't* (9th Cir. 1990) 90 F.2d 696, 699  A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp.* v. *Twombly* (2007) 550 U.S. 544, 570. Based on the arguments more fully explained below, Plaintiff's Complaint does not allege facts sufficient to state a claim upon which relief can be granted against Ocwen.

## IV.   ARGUMENT

### A.   Plaintiff's Entire Complaint Fails Because There Has Been No Notice Of Default And No Sale Of The Property

Each of Plaintiff's causes of action is dependent on either a Notice of Default being recorded in the Official Records of Contra Costa County, or

1     the foreclosure of the Property occurring before November 18, 2013. As

2     RJN Exhibit 8 evidences, there has been no recorded Notice of Default

3     recorded in the official records of Contra Costa County since January 10,

4     2011 (RJN, Exhibit 3), and that Notice of Default was rescinded in June of

5     2011 (RJN, Exhibit 7).  Likewise, there has been no Notice of Sale recorded

6     since May 13, 2011 (RJN, Exhibit 6), and as a Notice of Sale cannot

7     continue a sale for more than one calendar year, there is no active Notice of

8     Sale.   As there is no active Notice of Default or Notice of Sale, there

9     certainly has not been a foreclosure sale.  As seen in the record, no Trustee's

10     Deed Upon Sale evidencing a sale has been recorded, because there has been

11     no sale (RJN, Exhibit 8).   A foreclosure sale did not occur before November

12     18, 2013, or at any time before the filing of this motion.

13         The grounds for the Plaintiff's accusations are unknown, and why she

14     has filed this frivolous lawsuit is a complete mystery.  As there has been no

15     Notice of Default, Notice of Sale, or foreclosure sale, the Motion to Dismiss

16     the entire Complaint is properly granted without leave to amend.

17         **B.**   **Plaintiff's Complaint Fails Because She Has Not and**

18              **Cannot Allege Tender Of The Loan Amount**

19         There is a maxim in the context of foreclosures known as the "tender

20     rule." In accordance with California *Civil Code* section 1493, a valid tender

21     must be an unconditional offer of performance, made in good faith and in

22     such a manner as is most likely to benefit the creditor. The offer must be

23     made by a person able and willing to perform. California *Civil Code* section

24     1495.  Plaintiff's claims herein, all of which attack foreclosure proceedings

25     (proceedings which in actuality, have never even occurred, RJN, Exhibit 8),

26     nonetheless fail as a matter of law because she failed to tender the loan

27     amount (and cannot allege that she did so).

28

1    Before a party can maintain any cause of action attacking a

2    foreclosure sale, she must make a real offer or actually pay the entire loan

3    amount prior to the sale. *U.S. Cold Storage v. Great Western Savings and*

4    *Loan Assoc.* (1985) 165 Cal.App.3d 1214, 1225.   Any cause of action

5    implicitly integrated with the irregular sale fails <u>unless</u> the challenger can

6    allege and establish a valid tender. *Arnolds Management Corp. v. Eishen*

7    (1984) 158 Cal.App.3d 575, 579.   It is a borrower's (like Plaintiff herein)

8    responsibility to make an unambiguous tender of the entire amount due or

9    else suffer the consequences that the tender is of no effect.   *Nguyen v.*

10   *Calhoun* (2003) 105 Cal.App.4th 428, 439.   "Without an allegation of such

11   tender in the complaint that attacks the validity of the sale, the

12   complaint does not state a cause of action."   Miller & Starr, California Real

13   Estate (3d ed.), Deeds of Trust, section 10:212, pp. 653-54.   "The rationale

14   behind this rule is that if plaintiffs could not have redeemed the property [i.e.

15   paid the full loan amount] had the sale procedures been proper, any

16   irregularities in the sale did not result in damages to the plaintiff." *SPCI RE-*

17   *HAB 01 v. E & G Investments, Ltd.* (1989) 207 Cal.App.3d 1018, 1022.

18   "The rules which govern tenders are strict and are strictly applied." *Saldate*

19   *v. Wilshire Credit Crop.* (9th Cir. 2010) 686 F.Supp.2d 1051, 1060-1061

20   (citing *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 439; and *Gaffney v.*

21   *Downey Savings and Loan Assn.* (1988) 200 Cal.App.3d 1154, 1165).

22       Here, even IF a Notice of Default, Notice of Sale, and foreclosure sale

23   had actually occurred (they have not), Plaintiff does not allege tender, nor

24   can she (as she did not tender the loan amount).   Without such payment or

25   tender, Plaintiff is unable to challenge whatever foreclosure she mistakenly

26   believes occurred. No matter what irregularities Plaintiff may allege, it is

27

28

1  undisputed that a full, valid, and viable tender of the indebtedness owed is
2  required before the Court can even entertain any of the instant causes of
3  action. *U.S. Cold Storage v. Great Western Savings and Loan Assoc.* (1985)
4  165 Cal.App.3d 1214, 1225. Accordingly, Plaintiff's claims challenging the
5  non-existent foreclosure are barred as a matter of law pursuant to the tender
6  rule even if the foreclosure did actually occur, and even if the claims could
7  be stated on other particulars (which they cannot; as detailed herein). As
8  such, Defendant's Motion to Dismiss should be sustained without leave to
9  amend.

**C.**   **Plaintiff's First Cause Of Action For Fraud Fails Because**
         **It Is Not Pled With The Required Specificity**

To plead fraud, Plaintiff must, with **factual specificity**, show: (1) the
defendant represented to the plaintiff that an important fact was true; (2) that
representation was false; (3) the defendant knew that the representation was
false when the defendant made it, or the defendant made the representation
recklessly and without regard for its truth; (4) the defendant intended that the
plaintiff rely on the representation; (5) the plaintiff reasonably relied on the
representation; (6) the plaintiff was harmed; and, (7) the plaintiff's reliance
on the defendant's representation was a substantial factor in causing that
harm to the plaintiff. Each element in a cause of action for fraud must be
factually and specifically alleged. *Buckland v. Threshold Enterprises, Ltd.*
(2007) 155 Cal.App.4th 798, 807.

There is a **heightened pleading requirement** when asserting fraud
against a corporation (such as Defendant), such that plaintiff must also
specifically allege the names of the persons, their authority to speak, to
whom they spoke, what they said or wrote, and when it was said or written.

*Tarmann v. State Farm Mutual Automobile Ins. Co.* (1991) 2 Cal.App.4th 153, 157; *Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 73 (Pleading a cause of action for fraud requires specific allegations of the what, who, where, by whom, to whom, and by what means the alleged misrepresentations or concealments were made.); see also *Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 216-217 (every element of fraud must be alleged "factually and specifically" and give the defendant notice of "definite charges which can be intelligently met").

Even assuming arguendo that the foreclosure sale did occur (which it did not as discussed above), Plaintiff's Complaint fails to specifically state any facts supporting any alleged fraudulent conduct of Defendant. In her Complaint, Plaintiff alleges that "Defendant," generally, agreed that the foreclosure sale would be postponed until November 2013. (Complaint, Par. 30). Plaintiff fails to identify which Defendant or Defendants she is referring to. Further, generally alleging "Defendant" is insufficient to satisfy the heightened pleading requirements for fraud. Plaintiff fails to allege the specific names of person(s) with whom she interacted, his or her authority to speak/act on behalf of the Defendant, to whom they spoke, what was specifically said or written, and when it was said or written. *Tarmann, supra,* 2 Cal.App.4th at 157. This information is imperative for identifying the context, qualifications or conditions of any allegedly false or misleading statement or conduct. Accordingly, Plaintiff fails to show "how, when, where, to whom, and by what means" the misrepresentations or concealments were made as to any Defendant. For these reasons alone, Plaintiff's fraud claims should be dismissed without leave to amend.

**D.    Plaintiff's Second Cause Of Action For Negligent Misrepresentation Fails As A Matter Of Law**

A negligence claim must plead the following: (1) a legal duty to use due care, (2) breach of that duty, and (3) the breach is the proximate or legal cause of the resulting injury.  *Ladd v. County of San Mateo* (1996) 12 Cal.4th 913, 917.   The question of the existence of a legal duty of care presents a question of law which is determined by the courts alone.  *First Interstate Bank of Ariz., N.A. v. Murphy, Weir & Butler* (9th Cir. 2000) 210 F.3d 983, 987.   The existence of a duty of care owed by defendant is prerequisite to stating any negligence claim.  *Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1095.

Negligent misrepresentation also requires the following elements: "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Nat'l Union Fire Ins. Co. v. Cambridge Integrated Servs. Group, Inc.* (2009) 171 Cal.App.4th 35, 50.

The negligent misrepresentation cause of action fails first because Ocwen did not owe a legal duty to Plaintiff.  Responsibility for negligent misrepresentation rests upon the existence of a legal duty, imposed by contract, statute or otherwise, owed by a defendant to the injured person. The determination of whether a duty exists is primarily a question of law. *Eddy v. Sharp* (1988) 199 Cal.App.3d 858, 864.  In California, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role a mere lender of money. *Nymark* at 1095.  It has long

1  been regarded as "axiomatic that the relationship between a bank and its

2  depositor arising out of a general deposit is that of a debtor and creditor."

3  (Citation omitted).  "A debt is not a trust and there is not a fiduciary relation

4  between debtor and creditor as such."   (Citation omitted).   "[T]he

5  relationship between a lending institution and its borrower-client is not

6  fiduciary in nature." *Nymark* at 1093 fn1.  The same principle should apply

7  with even greater clarity to the relationship between a bank and its loan

8  customers.  *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476;

9  *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979; *Chazen v.*

10  *Centennial Bank* (1998) 61 Cal.App.4th 532, 537.  The rule as articulated in

11  *Nymark* has also been extended to loan servicers such as Defendant Ocwen.

12  *See, e.g., Marks v. Ocwen Loan Servicing* (N.D.Cal. 2009) WL 975792, *7

13  ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the

14  duties set forth in the loan contract."); see also *De Los Santos v. World*

15  *Capital Financial*, 2009 WL 649163, *4 (C.D.Cal. 2009) ("Plaintiff has

16  failed to demonstrate that defendant, as servicer of her loan, owed a

17  fiduciary duty to her.").  A loan modification does not fall outside a lender

18  or loan servicer's conventional role as a lender or loan servicer. *Id.*; *see also*

19  *Hendrickson v. Popular Mortgage Servicing, Inc.* (N.D.Cal. 2009) WL

20  1455491, at *7.

21      Here, Plaintiff alleges that Ocwen was negligent regarding

22  communications pertaining to the delay of the foreclosure sale during

23  evaluation of Plaintiff for a further loan modification. (Complaint, Par. 38).

24  The claim however is barred because Ocwen does not owe Plaintiff a legal

25  duty of care.  Plaintiff does not allege that Ocwen exceeded its conventional

26  role as servicer of the Subject Loan. (*See* Complaint, generally).  Defendant

27  Ocwen had no obligation to facilitate modification so that the loan payments

28

could be again reduced after the 2009 modification that Plaintiff has breached the terms of, and there is nothing claiming that Plaintiff's financial situation had changed meriting evaluating Plaintiff for another modification. Because neither a fiduciary duty nor a legal duty of care applies to lenders or creditors under California law, Plaintiff has failed to identify any duty owed which could support this claim.

Further, "negligent misrepresentation" is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack* (1986) 181 Cal.App.3d 954, 962. *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC* (2007) 158 Cal.App.4th 226; California *Civil Code* sections 1709-1710. Here, notwithstanding the fact that Defendant owed no duty to Plaintiff, Plaintiff has failed to allege the specific facts to support a claim for misrepresentation made by Defendant (*see* argument in section C [re. Fraud] above).

For each of these reasons, Plaintiff's negligent misrepresentation cause of action is properly dismissed without leave to amend.

### E.   Plaintiff's Third Cause Of Action For Violations Of The Homeowner's Bill Of Rights Fails

Plaintiff's third cause of action is based on purported violations of the Homeowner's Bill of Rights ("HOBR"). This cause of action fails for several reasons. First and as discussed above, there has been no Notice of Default, Notice of Sale, or Trustee's Deed Upon Sale recorded in the Official Records of Contra Costa County post January 1, 2013 (RJN,

Exhibit 8).  As such, there can be no violations of the HBOR which are all dependent on one or all of these actions occurring.

Second, the HOBR was not enacted until January 1, 2013.  HOBR is not expressly retroactive and is inapplicable to the Notice of Default, Notice of Sale, Assignment of Deed of Trust, and Substitution of Trustee recorded in the Official Records of Contra Costa County Recorder's Office well prior to January 1, 2013 enactment date (RJN, Exhibits 3-6).  Furthermore, that Notice of Default was rescinded on June 28, 2011(RJN, Exhibit 7).

Third, the cause of action is merely a listing of HOBR statutes. There are no allegations whatsoever as to any events, dates, or details of the purported wrong doing by Defendant.  No cause of action is stated.  Listing a statute is not a cause of action.

Fourth and notwithstanding the above, the claims fail because Plaintiff does not occupy the Property.  Pursuant to *Civil Code* section 2924.15, *Civil Code* sections "2923.5, 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, and 2924.18 shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property…" This Property is not owner occupied, but rather is used as a rental. This is evidenced by the Plaintiff's Application to Proceed in Forma Pauperis filed in this action on October 17, 2013, in which Plaintiff declares under penalty of perjury that she pays "Rent" at $550.00 per month. (Application, Pg. 3, Section 8).  As Plaintiff owns the Property, she would not be paying "rent" if she resided there, and this is further consistent with Defendants records which show that Plaintiff has provided copies of rental agreements for the persons renting the Property. Accordingly, Defendant was not required to comply with *Civil Code* sections 2923.55, 2923.7, 2924.9, 2924.10, and 2924.18 and there can be no stated violation of these

sections.

Fifth, *Civil Code* section 2924.9 does not apply if a borrower has previously exhausted the first lien loan modification process as described in *Civil Code* section 2923.6, which provides that a notice of default or notice of sale <u>can</u> be recorded if the borrower has previously accepted a written modification which they then defaulted on. Here, Plaintiff must at minimum plead that she has not already been provided a loan modification. Plaintiff cannot and did not plead such because she has in fact already received a modification (RJN, Exhibit 2). Thus, a cause of action regarding a purported violation *Civil Code* section 2924.9 has not, and cannot, be properly pled.

Finally, *Civil Code* section 2924.18 requires that a borrower submit a <u>complete</u> application for a first lien modification before the section would become applicable. Therefore, for this provision to apply, Plaintiff must plead, at the most fundamental level, that she submitted a complete loan modification application to Defendant as the servicer of the loan, and the relevant dates of such submission. Plaintiff has not done that.

For all of the forgoing reasons, Defendant's Motion to Dismiss the third cause of action is properly granted without leave to amend.

### F.   A Claim Is Not Stated Under Section 2923.5

Plaintiff's fourth cause of action alleges a violation of *Civil Code* section 2923.5, which requires a statement in the notice of default confirming that the mortgagee, trustee, beneficiary, or authorized agent contacted the borrower to discuss financial options or alternatives prior to recording the notice, unless the party is exempted from these requirements as stated in the notice.

Again, this cause of action completely fails because there is no active Notice of Default recorded in the Official Records of Contra Costa County,

a prerequisite to the application of this code section.

Furthermore, even if there was an active Notice of Default recorded in the Official Records of Contra Costa County, *Civil Code* section 2923.5 does not apply because the Plaintiff does not occupy the Property, as discussed above.

Finally, again assuming arguendo that the Notice of Default existed, the Plaintiff lived at the Property, and the sale actually occurred as the Complaint curiously alleges, the cause of action still fails because the "only available remedy under Section 2923.5 is a postponement of the sale before it happens." *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 214-215. As the Complaint alleges the sale occurred, there would be no remedy available for this purported violation and the Complaint improperly seeks damages under this claim, which cannot be had (Complaint, Par. 52).

## G.   Plaintiff's Causes Of Action For Breach Of Contract And Promissory Estoppel Fail

Plaintiff alleges that Defendant made an oral promise to Plaintiff that it would not proceed to foreclose before November 18, 2013 while it processed a loan modification. (See Complaint, Par.'s 54-55 and 60)  First, there can be no breach or promise relied upon because there has been no foreclosure sale (RJN, Exhibit 8).  In fact, it is the Plaintiff who is in breach of this purported "contract' because per the terms alleged by Plaintiff, Plaintiff's consideration for the postponement of the foreclosure sale was that "Plaintiff would not file a civil lawsuit, seek injunctive relief through the civil or bankruptcy courts."  (Complaint, Par. 55).  This civil lawsuit, which also seeks injunctive relief, was filed on October 17, 2013.  As there has been no foreclosure sale, it is the Plaintiff that is in breach of this

purported agreement by filing this frivolous lawsuit, and it is the Plaintiff who is liable to Defendant for damages.

Next, assuming arguendo that the foreclosure sale did occur, both causes of action fail because of the Statute of Frauds. In California, a loan agreement must be in writing to satisfy the statute of frauds. *Civil Code* sections 1623(a)(3), 1624, 1698(a), 2922. "An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds." *Seacrest v. Security Nat'l Mortg. Loan Trust 2002-2* (2008) 167 Cal.App.4th 544, 553. Here, the deed of trust provides the lender with the right to foreclose on the Property. An agreement to forego foreclosure, while a loan modification is being considered, therefore, proposes to modify the deed of trust. Because the alleged oral contract involves a loan agreement, it is unenforceable because it is subject to the statute of frauds. Thus, the alleged oral agreement is barred by the statute of frauds because it was never reduced to writing. An agreement to postpone a valid sale of property beyond the date when said property may be sold under and according to the terms of the trust deed is an agreement to alter the terms of the instrument. To hold otherwise would reduce a trust deed in any case to an unsubstantial if not worthless security. *Karlsen v. Am. Sav. & Loan Assn.* (1971) 15 Cal.App.3d 112, 121, citing *Stafford v. Clinard* (1948) 87 Cal.App.2d 480, 481.

Therefore, the promise comes under the Statute of Frauds. The promise still requires a writing to be enforceable. Plaintiff admits in that there was no written contract (Complaint, Par. 57). Accordingly, the fifth and sixth causes of action are both barred by the statute of frauds.

1    Finally, a cause of action for breach of contract is comprised of the

2    following elements: (1) the contract; (2) plaintiff's performance or excuse for

3    non-performance; (3) defendant's breach; and (4) the resulting damages to

4    plaintiff. *Reichert v. General Ins. Co.* (1968) 68 Cal.2d 822, 830.  Here,

5    Plaintiff's allegations fail to allege when the contract was made, with whom

6    and under what specific terms.  As such, the cause of action should be

7    dismissed. *See Grill v. BAC Home Loans Servicing, LP* (E.D.Cal. 2011) WL

8    127891, at *4, fn. 3 (dismissing a claim for breach of oral contract where the

9    complaint did not set forth any facts relating to when, with whom and under

10   what terms the contract was made).

11   Similarly, no promissory estoppel cause of action can succeed, where

12   no clear and unambiguous promise is made.  "The elements of a promissory

13   estoppel claim are '(1) a promise clear and unambiguous in its terms; (2)

14   reliance by the party to whom the promise is made; (3)[the] reliance must be

15   both reasonable and foreseeable; and (4) the party asserting the estoppel

16   must be injured by his reliance.'"  *US Ecology, Inc. v. State of California*,

17   (2005) 129 Cal.App.4th 887, 901.  "[A] promise is an indispensable element

18   of the doctrine of promissory estoppel."  *Garcia v. World Sav., FSB* (2010)

19   183 Cal.App.4th 1031, 1044.   Estoppel cannot be established from

20   preliminary discussions and negotiations. *National Dollar Stores v. Wagnon*

21   (1950) 97 Cal.App.2d 915, 919.   Plaintiff has not alleged a clear and

22   unambiguous promise and her cause of action for promissory estoppel fails.

23   Based on all of the above, Plaintiff's fifth and sixth causes of action

24   are properly dismissed without leave to amend.

25   //

26   //

27

28

1    **H.    Plaintiff's Cause of Action For "Injunctive Relief" Is Not A**

2    **Claim**

3    Plaintiff's Injunctive Relief claim fails because it is not an actual

4    cause of action. "Injunctive Relief is a remedy and not, in itself, a cause of

5    action, and a cause of action must exist before injunctive relief may be

6    granted."    *Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168.

7    Furthermore, an injunction cannot be issued unless the applicant has

8    satisfied the Court that equity requires the use of this extraordinary remedy.

9    *See Tiburon v. Northwestern P.R. Co.* (1970) 4 Cal.App.3d 160, 179.

10   Plaintiffs bear the burden of showing that she is likely to succeed on the

11   merits of the claims.    *Winter v. National Resources Defense Council, Inc.*

12   (2008) 129 S.Ct. 365, 374.   Here, Plaintiff has not shown any likelihood to

13   succeed on the merits of her claims.   As established above, there has been no

14   foreclosure sale, and a Notice of Default has not been recorded in the

15   Official Records of Contra Costa County.    In addition, even assuming

16   arguendo that the foreclosure had occurred, Plaintiff has failed to sufficiently

17   state any cause of action, has failed to tender, and has not (and cannot) make

18   a sufficiently strong showing of likelihood of success on the merits.

19   Because Plaintiff's other claims fail, so must her claim for injunctive relief.

20   **I.    Plaintiff Failed To Name An Indispensable Party**

21   Plaintiff Nicole Sandoval failed to name an indispensable party, her

22   husband, Marino Sandoval, as a party to the instant suit. *Federal Rule of*

23   *Civil Procedure* ("F.R.C.P") 19 provides for the required joinder of parties

24   traditionally noted as necessary or indispensable.   A party is indispensable

25   based on a consideration of factors, such as if their joinder is required for a

26   just adjudication, the absent party has an interest in the subject matter which

27   is implicated or impaired, the party's interests are such that in his or her

28

1    absence complete relief cannot be accorded among those already parties,

2    and/or the defendant will be prejudiced or faced with multiple inconsistent

3    obligations or lawsuits. *General Refractories Co. v. First State Ins. Co.* (3rd

4    Cir. 2007) 500 F.3d 306, 319; F.R.C.P. 19(b); *and see*, F.R.C.P. 19(a) Adv.

5    Comm. Notes to 1966 Amendment (Plaintiff is required to join "all persons

6    who are materially interested in the subject matter of the case and who are

7    needed for just adjudication."). An indispensable party under Rule 19(b)

8    must be joined otherwise the suit must be dismissed. *See, Disabled Rights*

9    *Action Committee v. Las Vegas Events, Inc.* (9th Cir. 2004) 375 F.3d 861,

10    867, fn. 5; *Republic of Phillipines v. Pimental* (2008) 553 U.S. 851, 856, 128

11    S.Ct. 2180, 2184.

12      Here, Plaintiff's husband, Marino Sandoval, is a co-obligor under the

13    subject loan with Plaintiff (RJN, Exhibit 1). As a co-borrower under the

14    Subject Loan with Plaintiff, Marino Sandoval's interests in the subject loan

15    are exactly the same as Plaintiff's, and as a co-owner of the Subject

16    Property, the results of this case would certainly affect the Property and his

17    interests in the Property. *Bank of California Nat. Ass'n v. Superior Court in*

18    *and for City and County of San Francisco* (1940) 16 Cal.2d 516, 521-522

19    (The court found that "necessary" or "indispensable" parties are those

20    "persons whose interests, rights, or duties will inevitably be affected by any

21    decree which can be rendered in the action.) "An attempt to adjudicate their

22    rights without joinder is futile." *Vanoni v. County of Sonoma* (1974) 40

23    Cal.App.3d 743, 746. Moreover, joinder of Marino Sandoval, as a co-

24    obligor and co-owner of the Property is necessary, because his absence in

25    this lawsuit could subject Defendant to multiple or inconsistent liability (i.e.

26    Defendant foresees judgment being entered in their favor in this case, and

27    then Plaintiff's husband filing and prosecuting his own separate lawsuit that

28

1  mirrors that of his wife's/co-borrower's case herein).   Essentially, Plaintiff
2  and her husband would get two bites at the apple in this litigation.

3      As such, Marino Sandoval is an indispensable party, and Marino
4  Sandoval's presence as a plaintiff in this case is necessary in order to grant
5  complete relief to the parties herein. Accordingly, this case should be
6  dismissed.

7  **V. <u>CONCLUSION</u>**

8      Plaintiff fails to plead facts sufficient to state any cause of action
9  against Defendant Ocwen, and cannot do so because there has been no
10  foreclosure sale, and there is no Notice of Default recorded in the Official
11  Records of Contra Costa County.   In addition, Plaintiff fails to offer to
12  tender which is fatal to each of her claims, and each cause of action is not
13  properly stated. Finally, Plaintiff has failed to name an indispensable party.
14  As such, Defendant respectfully requests the Motion to Dismiss be granted
15  with prejudice.

16
17  Dated: November 26, 2013          HOUSER & ALLISON
                                     A Professional Corporation
18
19
20                                   /s/ Amy E. Starrett
                                     Amy E. Starrett
21                                   Attorney for Defendant Ocwen Loan
                                     Servicing, LLC
22
23
24
25
26
27
28

# PROOF OF SERVICE

STATE OF CALIFORNIA              )
                                          ) ss
COUNTY OF ORANGE              )

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

On November 26, 2013, I served the following document(s):

**DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

On the following interested parties in this action described as follows:

**Edward Robert Ramirez**
**Ramirez & Associates**
**1910 Trade Zone Boulevard**
**San Jose, CA 95131**
**Email: err@ramirezassociatesllp.com**
*Attorney for Plaintiff*

[X]    **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on <u>November 26, 2013</u>, in Irvine, California.


<u>/s/ Tami Krogle</u>
Tami Krogle